57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Arthur R. BAUER, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 92-3292.
 United States Court of Appeals, Federal Circuit.
 June 13, 1995.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Arthur R. Bauer appeals from the January 20, 1995 final decision of the Merit Systems Protection Board, Docket No. DE0752940294-I-1, affirming a personnel action taken by the Department of Agriculture ("agency"). Because Bauer has not demonstrated any error in the board's decision, we affirm.
 
 DISCUSSION
 
 2
 Bauer was employed with the agency as a Forester in the Tongue Ranger District, Bighorn National Forest, headquartered in Sheridan, Wyoming. On December 2, 1993, Bauer was convicted in district court of aiding and abetting the killing of a protected migratory bird. See 16 U.S.C. Sec. 703 (1988). Based on this conviction, the agency charged Bauer with conduct prejudicial to the best interests of the service. Bauer was suspended for fifteen days, then reassigned to a position in Aspen, Colorado. He appealed the agency's action to the board.
 
 
 3
 In an August 8, 1994 initial decision, an Administrative Judge ("AJ") affirmed the agency's action, finding that the agency had proved the charge by a preponderance of the evidence. The AJ further found that Bauer's misconduct adversely affected the efficiency of the service and that the punishment given Bauer was not unreasonable considering the record as a whole. The AJ's initial decision became the final decision of the board when the board denied Bauer's petition for review. See 5 C.F.R. Sec. 1201.113 (1994). This appeal followed.
 
 
 4
 The scope of our review of a board decision is limited to whether it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 On appeal, Bauer argues that the agency should have conducted its own investigation rather than rely on Bauer's criminal conviction. Bauer also asks why he was reassigned to Aspen, Colorado, and he questions whether the board read his petition for review. These arguments do not justify reversal of the board's decision. There was substantial evidence upon which the board made its factual findings. It made no error of law. The board recognized that it had no authority to readjudicate the merits of Bauer's criminal conviction. Further, because Bauer was found guilty beyond a reasonable doubt of a criminal charge, the agency properly used the criminal conviction to prove its civil charge against Bauer by a preponderance of the evidence. Thus, having carefully considered the record before us and Bauer's arguments, we affirm the board's decision.